# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| **MONTREAL HENSLEY,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | CASE NO.: _____ |
| **BEAUMONT MOTOR CO. d/b/a CLASSIC** § | |
| **CHEVROLET and MICHELIN NORTH** § | |
| **AMERICA, INC.,** § | |
| § | |
| *Defendants*. § | |

## DEFENDANT BEAUMONT MOTOR CO. d/b/a CLASSIC CHEVROLET'S NOTICE OF REMOVAL

Defendant BEAUMONT MOTOR CO. d/b/a CLASSIC CHEVROLET ("BMC"), files this Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to remove this action filed in the 136th Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division. In support of this removal, BMC respectfully shows the Court the following:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

1.  This is an automotive product liability lawsuit arising from a single-vehicle crash involving a 2009 Cadillac Escalade which occurred on or about September 4, 2019 on State Highway 73. Plaintiff alleges the tread and top belt of the passenger side rear Michelin tire separated from the carcass, causing him to lose control of the vehicle and resulted in damages. Plaintiff's Original Petition is attached as **Exhibit A**.

2.  Plaintiff filed his Original Petition in the 136th Judicial District Court of Jefferson County, Texas, against Defendants BMC and Michelin North America, Inc. Defendant BMC is

1

the auto dealer that Plaintiff claims sold the subject vehicle to Plaintiff, and it has been fraudulently joined as a defendant in this case.

3. Plaintiff's Original Petition includes claims for strict liability, negligence, and gross negligence against the Defendants, collectively, based on the same set of facts. *See* Ex. A. BMC has appeared and denies Plaintiff's allegations. BMC's Original Answer is attached as **Exhibit B**. Michelin North America, Inc. has also appeared and denies Plaintiff's allegations. Michelin North America, Inc.'s Original Answer is attached as **Exhibit E**.

## II.   TIMELINESS OF REMOVAL

4. Plaintiff served BMC with a copy of Plaintiff's Original Petition on June 18, 2021. *See* Return of Service, attached as **Exhibit C**. Plaintiff served Michelin North America, Inc. with a copy of Plaintiff's Original Petition on June 21, 2021. *See* Return of Service, attached as **Exhibit D**. Pursuant to 28 U.S.C. § 1446(b)(1), BMC timely files this Notice of Removal within thirty (30) days after service, on the first day that is not a Saturday, Sunday, or legal holiday.[1]

## III.   GROUNDS FOR REMOVAL

5. This removal is proper because the Court has subject matter jurisdiction based on complete diversity of citizenship between all *properly* joined parties under 28 U.S.C. § 1332(a). Complete diversity of citizenship between the properly joined parties existed at the time the underlying action was filed in state court (June 17, 2021) and at the time of this removal (July 19, 2021). BMC is not a proper defendant in this lawsuit under Texas law and should be disregarded for purposes of diversity jurisdiction. Texas Civil Practice and Remedies Code §82.003 provides that a seller that did not manufacture a product is not liable for harm caused to the claimant by that

---

[1] Thirty days following June 18, 2021 was July 18, 2021, which fell on a Sunday. *See* FED. R. CIV. P. 6(a)(1)(C).

product unless the claimant proves that one of seven exceptions apply. TEX. CIV. PRAC. & REM CODE § 82.003. Here, Plaintiff fails to sufficiently plead facts that establish any exception applies.

### A. Amount in Controversy

6.      The Fifth Circuit determines whether the amount in controversy requirement is satisfied by asking whether it is "facially apparent" from a plaintiff's petition that the claims exceed the sum or value of $75,000.00. *See Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010). According to his Petition, Plaintiff seeks personal injury damages, including (1) medical expenses, (2) loss of income, (3) pain and suffering, (4) and mental anguish. Ex. A at 7. Further, Plaintiff seeks punitive damages. *Id.* Therefore, it is facially apparent and reasonable to conclude the amount in controversy exceeds the sum or value of $75,000.00.

### B. Complete Diversity of Citizenship Between Properly Joined Parties

#### 1. The Properly Joined Parties

7.      There is complete diversity of citizenship between all properly joined parties to this lawsuit. Per his Petition, Plaintiff is domiciled in Harris County, Texas and is a citizen of Texas. *See* Ex. A. Per Plaintiff's Petition, Michelin North America, Inc., is a foreign corporation, and on information and belief, Michelin North America, Inc. is a New York corporation with its principal place of business in South Carolina. Given the complete diversity of citizenship between these properly joined parties, this Court has jurisdiction under 28 U.S.C. § 1332(a). Because no properly joined Defendant is a citizen of Texas, removal is proper under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(a), (b)(2).

#### 2. The Improperly Joined Party

8.      BMC is entitled to remove this case to federal court because Plaintiff has improperly joined it as a non-diverse Defendant. A party may establish improper joinder in one of

two ways: "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). The second test for establishing improper joinder is at issue here. Under that test, a party is improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* It is not sufficient for a plaintiff to show there is a "mere theoretical possibility of recovery under local law." *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000). Plaintiff's joinder of BMC is improper because Plaintiff has failed to plead facts or establish that the non-diverse defendant may be liable under Texas law.

9. As a non-manufacturing seller, BMC is statutorily exempt from liability to Plaintiff under § 82.003 of the Texas Civil Practice and Remedies Code. That statute expressly provides: "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product," unless the claimant proves that one of the seven exceptions listed in section 82.003(a) applies in the particular case. *See* TEX. CIV. PRAC. &REM.CODE ANN. § 82.003(a) (West 2011); *see also State Farm Lloyds v. Polaris Indus.*, Inc., No. 6-12-19, 2012 WL 3985128, at *2 (S.D. Tex. Sept. 11, 2012) ("Texas federal district courts have held that any theory of recovery pleaded against a nonmanufacturing seller must satisfy one of the seven immunity exceptions contained in section 82.003(a), even if the allegations would otherwise state a valid claim under Texas law."). This includes claims for negligence against a non-manufacturing seller. *Id.*

10. BMC is a "seller" within the meaning of section 82.003(a), as it was "engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." *See* TEX. CIV. PRAC.

& REM. CODE § 82.001(3). Thus, based on the allegations pled in Plaintiff's Original Petition, BMC is statutorily exempt from liability for any alleged defects in the subject 2009 Cadillac Escalade.

11. Plaintiff fails to allege any facts that suggest any of the statutory immunity exceptions apply to BMC. As a non-manufacturing seller, BMC is not liable to Plaintiff as a matter of law based on the allegations in Plaintiff's Original Petition. Accordingly, Plaintiff has no reasonable basis of recovery against BMC. Therefore, BMC is an improperly joined Defendant, and there is complete diversity of citizenship between all properly joined parties.

### IV.    CONSENT

12. Where removal is based on the alleged improper joinder of a co-defendant, the consent of that co-defendant to removal is not required. *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) (per curiam); *see* 28 U.S.C. § 1446(b)(2)(A). However, counsel for BCM has conferred with counsel for Defendant Michelin North America, Inc., who has consented to removal. Written consent from counsel for Defendant Michelin North America, Inc. is attached as **Exhibit F**.

### V.    V. VENUE

13. This district and division embrace the place in which the removed state court action has been pending. Specifically, the 136th Judicial District Court of Jefferson County, Texas, is geographically located within the Beaumont Division of the United States District Court for the Eastern District of Texas.

### VI.    VI. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15. Promptly after Defendant files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

16. Promptly after Defendant files this Notice of Removal, a true and correct copy of same will be filed with the Jefferson County District Clerk pursuant to 28 U.S.C.§1446(d).

17. In the event this Court subsequently identifies a defect in this Notice of Removal, BMC respectfully requests this Court to grant BMC leave to amend this Notice to cure the defect.

18. By filing this Notice of Removal, BMC does not waive any legal defenses or objections to Plaintiff's Original Petition, but expressly reserves its right to raise any and all legal defenses or objections in subsequent pleadings in this Court.

19. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

## VII.  CONCLUSION

Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal Defendant BEAUMONT MOTOR CO. d/b/a CLASSIC CHEVROLET hereby removes this case to this Court for trial and determination. WHEREFORE, Defendant BEAUMONT MOTOR CO. d/b/a CLASSIC CHEVROLET gives notice that the above-entitled action now pending in the District Court of Jefferson County, State of Texas, is hereby removed to this Court.

Dated: July 19, 2021.

        Respectfully submitted,

        THOMPSON, COE, COUSINS & IRONS, LLP

        By: _/s/ Barry A. Moscowitz_
        **Barry A. Moscowitz**
        State Bar No.  24004830
        **Leslie Wong Richardson**
        State Bar No. 24079830
        **Gordan Truong**
        State Bar No. 24098527
        Plaza of the Americas
        700 N. Pearl Street, 25th Floor
        Dallas, Texas 75201-2832
        Telephone:  (214) 871-8200
        Facsimile:   (214) 871-8209

        **ATTORNEY FOR DEFENDANT**
        **BEAUMONT MOTOR CO. d/b/a**
        **CLASSIC CHEVROLET**

## **CERTIFICATE OF SERVICE**

     I certify that on this the 19th day of July 2021, this Notice of Removal was filed in the United States District Court for the Eastern District of Texas, a true and correct copy of said Notice of Removal was served upon the above-named Plaintiff through the State Court's electronic filing system, and further that a copy of said Notice of Removal was delivered to the District Court Clerk of the Jefferson County District Court for filing.

    Kyle Wane Farrar
    David Jerome Romagosa
    Skip Edward Lynch (*pro hac vice pending*)
    KASTER, LYNCH, FARRAR & BALL, LLP
    1117 Herkimer Street
    Houston, TX 77008
    Telephone: 713-221-58300
    Facsimile: 713-221-8301
    Email: kyle@fbtrial.com
    Email: david@fbtrial.com
    Email: skip@theitrelawyers.com

    *Attorneys for Plaintiff Montreal Hensley*

        _/s/ Barry A. Moscowitz_
        Barry A. Moscowitz