# EXHIBIT A

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/17/2021 8:23 AM
JAMIE SMITH
DISTRICT CLERK
D-207813

CAUSE NO. _____

| | | |
|---|---|---|
| MONTREAL HENSLEY | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| BEAUMONT MOTOR CO. d/b/a | § | |
| CLASSIC CHEVROLET and | § | |
| MICHELIN NORTH AMERICA, INC. | § | |
| *Defendants.* | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Montreal Hensley, Plaintiff and files this Original Petition, complaining of Beaumont Motor Co. d/b/a Classic Chevrolet (hereinafter referred to as "Classic Chevrolet"), and Michelin North America, Inc. (hereinafter referred to as "Michelin"), for cause of action would show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends that discovery be conducted under Level 3 and affirmatively pleads that he seeks monetary relief over $1,000,000 at this time. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

### PARTIES

2.  Plaintiff is an individual residing in Harris County, Texas.

3.  Defendant, Beaumont Motor Co. d/b/a Classic Chevrolet is a domestic for-profit corporation doing business in the State of Texas and may be served with citation by serving its registered agent, Roane Ruddy, 1000 IH-10 North, Beaumont, Texas 77702 USA.

4.  Defendant, Michelin North America, Inc., is a New York corporation doing business in the State of Texas with its principal office in Greenville, South Carolina. Defendant Michelin can be served

1

with citation through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136 USA.

## JURISDICTION AND VENUE

5. Venue is proper and maintainable in Jefferson County under the Texas Civil Practice and Remedies Code since Defendant Classic Chevrolet has a principal place of business in said county.

6. Further, under Section 15.005 of the Texas Civil Practice and Remedies Code, when venue is established against one defendant, the Court has venue regarding all defendants in claims or actions arising out of the same transactions, occurrence, or series of transactions or occurrences, or series of transactions or occurrences.

7. The Court has jurisdiction in this matter since Plaintiff's damages are within its jurisdictional limits.

8. Defendant Classic Chevrolet is a domestic for-profit corporation in the State of Texas with its principal place of business in the State of Texas.

9. Defendant, Michelin is a foreign corporation doing business in the state of Texas, was and is engaged in the business of manufacturing, marketing, selling, and servicing tires in the State of Texas, and specifically through stores in Jefferson County, Texas, various models of motor vehicle tires, including the Michelin DOT# B7B9 E94X 3413 ("Subject Tire") which is the subject of this complaint for the purpose of accumulating monetary profits.

10. Upon information and belief, the first and original sale of the Subject Tire occurred in the State of Texas.

11. At all times relevant, all maintenance and repairs to the Subject Tire occurred inside the State of Texas.

12. At all times relevant, Michelin maintains contractual business relationships with Texas-based tire dealers and distributors, which buy, sell, and distribute tires in the State of Texas, including the

Subject Tire and Subject Tire model.

13. Michelin sells its passenger and light truck tires, including the Subject Tire and Subject Tire model, to distributors and retailers throughout the State of Texas.

14. According to Michelin Website, Michelin maintains a tire dealer network comprised of several hundred Michelin tire dealers throughout the State of Texas.

15. Michelin conducted advertising and marketing campaigns for its passenger and light truck tires, including the Subject Tire and Subject Tire model, that reached consumers in the State of Texas and connected Texas consumers with their closest Michelin tire dealer. Michelin specifically targeted Texas as a forum to sell its tires, including the Subject Tire and Subject Tire model.

16. Michelin actively collected warranty information and tire failure data within the State of Texas from Texas consumers. Michelin uses this information when creating and modifying the design of its tires, including the failed Subject Tire.

17. Michelin is subject to personal jurisdiction in the State of Texas because Plaintiff's claims arise from or relate to Michelin's contacts with the State of Texas as defined by the United States Supreme Court in *Bandemer v. Ford*.

## NATURE OF THE CASE

18. This is a negligence and strict products liability case in which Plaintiff seeks monetary relief over $1,000,000.00 and a demand for judgment for all other relief to which Plaintiff deems himself entitled to.

19. This action is against Defendants Classic Chevrolet and Michelin for negligence, strict liability, and related claims which caused or contributed to a motor vehicle crash that occurred on September 4, 2019, involving a vehicle being operated by Plaintiff, Montreal Hensley. By this action, Plaintiff seeks, inter alia, compensatory damages, punitive damages, and costs.

## BACKGROUND FACTS

20.  On Wednesday, September 4, 2019, at approximately 7:50 p.m., Plaintiff, Montreal Hensley was the operator of a 2009 Cadillac Escalade ("Subject Vehicle") traveling eastbound on SH-73 in the right lane when all of a sudden, the tread and top belt of this passenger side rear Michelin tire bearing DOT# B7B9 E94X 3413 ("Subject Tire") separated from the carcus, causing him to lose control of his vehicle and veered over to the left lane, crossed the inside shoulder, crossed the median, crossed all lanes of traffic on SH-73 westbound, struck a ditch embankment with its front distributed, turned counter-clockwise, struck the embankment with its right quarter, and came to a rest facing eastbound.

### FIRST COUNT
### NEGLIGENCE AGAINST CLASSIC CHEVROLET

21.  The defendant Classic Chevrolet sold the subject 2009 Cadillac Escalade with the Subject Tire mounted to Plaintiff Montreal Hensley. Classic Chevrolet owed a duty to the public and Mr. Hensely and the public at large to properly inspect the vehicle and all components to ensure it was roadworthy. Classic Chevrolet breached its duty by failing to properly inspect, repair and/or replace the Subject Tire. A proper inspection of the Subject Tire should have lead to the replacement of the Subject Tire.

22.  As a direct and proximate result of the negligence of defendant Classic Chevrolet, Plaintiff Montreal Hensley sustained severe and permanent personal injuries rendering him paralyzed from the waist down for which he has incurred and will continue to incur medical expenses; loss of income; pain and suffering; discomfort, inconvenience; emotional distress; disabilities and restrictions on his normal daily activities; loss of quality and enjoyment of life's pleasures; and such other and further damages as will be proven at the time of trial.

### SECOND COUNT
### NEGLIGENCE CLAIMS AGAINST MICHELIN NORTH AMERICA, INC.

23.  Plaintiff incorporates herein by reference Paragraphs 1 through 22 above.

24.  The injuries sustained by Mr. Hensley and his resulting damages herein were proximately caused by Defendant Michelin's negligent acts in designing, manufacturing, marketing and/or selling the Subject Tire as described more thoroughly herein. Additionally, Defendant failed to adequately test and inspect the Failed Tire before its sale, evidenced by the fact that the Subject Tire failed. Defendant owed a

4

legal duty of care to Plaintiff concerning the design, manufacture, marketing and sale of the Subject Tire. This duty of care was breached by Defendant in that the Subject Tire had a propensity to lose its tread/belt under normal and foreseeable operating conditions. Because this propensity was unknown by Plaintiff and because this propensity caused the underlying Incident, said Defendant breached its duty of care legally owed to Plaintiff. This breach was the proximate cause of this incident and the resulting injuries and damages to Plaintiff.

## THIRD COUNT
## STRICT LIABILITY AS TO MICHELIN NORTH AMERICA, INC.

25. Plaintiff incorporates herein by reference Paragraphs 1 through 24 above.

26. The Subject Tire was designed, manufactured, marketed, and placed into the stream of commerce by Defendant Michelin in a defective condition and was substantially unchanged from the time it was placed into the stream of commerce.

27. Plaintiff informed, believes, and herein alleges the Subject Tire was unreasonably dangerous when it left the possession of Defendant Michelin. Defendant Michelin defectively designed, marketed, and manufactured the Subject Tire, which rendered it unreasonably dangerous for its intended and foreseeable use. The failure of the Subject Tire was a producing and proximate cause of loss of control of the vehicle and the resulting permanent injuries and damages to Plaintiff.

### DESIGN DEFECT (STRICT LIABILITY)

28. Plaintiff incorporates herein by reference Paragraphs 1 through 27 above.

29. The design of the Subject Tire was defective and unreasonably dangerous because it did not incorporate available features to resist initiation and growth of separation between the tire's internal components. The design of the Subject Tire was defective by design in that it did not incorporate internal components with requisite fatigue resistance to counter the constant centrifugal force incurred in normal and foreseeable operation. The Subject Tire was defective by design in that the skim stock rubber was defectively designed. Moreover, the skim stock was defective in that it prevented bonding between the internal components, thus allowing for unintended movement between the steel belts. Further, the design

of the Subject Tire failed to incorporate a nylon cap ply and/or adequate belt wedge, which would have reduced the propensity for a tread/belt separation.

30. As a result of the defective design of the Subject Tire, including but not limited to the above-identified defects, its tread and topmost steel belt could and did unexpectedly separate during normal and foreseeable operation. This propensity to suddenly and violently lose the tread/belt under normal and foreseeable conditions will cause the person operating the vehicle to lose total control, thus producing a catastrophic incident as is at issue at present. Comparing the utility versus risk of harm, the Subject Tire as sold by Defendants was defective and unreasonably dangerous with regard to design. At the time the Subject Tire left said Defendant's control, there were safer alternative designs that would have prevented the failure. Such safer alternative designs would not have materially impaired the utility of the Subject Tire. Moreover, these alternative designs were economically and technologically feasible.

## MANUFACTURING DEFECT (STRICT LIABILITY)

31. Plaintiff incorporates herein by reference Paragraphs 1 through 30 above.

32. Additionally, Plaintiff informed, and believes on that basis allege that the Subject Tire was manufactured defectively in that it would lose its tread/belt under normal and foreseeable operating conditions. The manufacturing defect was a producing and proximate cause of the of loss of control of the vehicle and the resulting permanent injuries and damages to Plaintiff.

## MARKETING DEFECT (STRICT LIABILITY)

33. Plaintiff incorporates herein by reference Paragraphs 1 through 32 above.

34. Defendant Michelin defectively marketed the Subject Tire. Defendant failed to give adequate warnings of the Subject Tire's dangerous propensities. These dangers include, but are not limited to the Subject Tire's propensity for tread/belt separation under normal and foreseeable operation and the dangers associated such. This failure to warn and/or give adequate instructions rendered the Subject Tire unreasonably dangerous as marketed by Defendant. The marketing defects were a producing and proximate cause of the loss of control of the vehicle and the resulting permanent injuries and damages to Plaintiff.

## FOURTH COUNT
## PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

35. The Plaintiff, Montreal Hensley, repeats and realleges the First, Second, and Third Counts of the Petition as though the same were fully set forth at length herein.

36. The defendants, Classic Chevrolet and Michelin acted with reckless disregard and willful indifference to the safety of the Plaintiff and others on the roadway by placing a defective tire in the stream of commerce and by allowing the 2009 Cadillac Escalade to be operated with a tire that was defective and at risk for a tire separation and tire failure which caused and contributed to the happening of the accident. As a direct and proximate result of the reckless conduct of these defendants and the willful indifference of the safety and others on the roadway, a crash occurred which resulted in Plaintiff sustaining severe and permanent personal injuries.

## DAMAGES

37. As a direct and proximate result of the negligence of defendants and strict liability against Michelin, Plaintiff Montreal Hensley sustained severe and permanent personal injuries rendering him paralyzed from the waist down for which he has incurred and will continue to incur medical expenses; loss of income; pain and suffering; discomfort, inconvenience; mental anguish, emotional distress; disabilities and restrictions on his normal daily activities; loss of quality and enjoyment of life's pleasures; and such other and further damages as will be proven at the time of trial.

38. Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues raised within the pleadings.

Respectfully submitted,

KASTER, LYNCH, FARRAR & BALL, LLP

By: */s/ Kyle Wayne Farrar*
Kyle Wayne Farrar
State Bar No.: 24034828
David Jerome Romagosa
State Bar No.: 24047493
Skip Edward Lynch *(pro hac vice pending)*
Florida Bar No. 0021085
1117 Herkimer Street
Houston, Texas 77008
(713) 221-8300 Office
(713) 221-8301 Fax
Email: kyle@fbtrial.com
Email: david@fbtrial.com
Email: skip@thetirelawyers.com

ATTORNEY FOR PLAINTIFF

8